Opinion of the Court. — 1Grefen was complainant in the court below, and therefore his claim must be firsi investigated. He appears to be the assignee óf a settlement and pre-emption. The substance of the location for the settlement, is, “ November the 3rd 1779, Peggy M’Neal, devisee, See. claimed a settlement of400 acres of land lying on the waters of Clark’s run, joining the lands of James Brown, Samuel Gibson and James Blair, td include the testator’s improvement;” And the substance dfthe entry On the pre-emption warrant, is, “June the 23rd 1780, Peggy M’Neal enters a pre-emption warrant of 1000 acres adjoining and around her settlement on the waters of Clark’s run, joining James Brown¿ James Blair and Samuel Gibson.”
It is shewn that James Brown had previously obtained a certificate for a settlement and pre-emption ; that the location for his settlement is sufficiently special \ and as Brown had raised a crop of corn thereon, it ought tobe presumed that the improvement he calls foT had acquired a reasonable degree of notoriety; Brown’s pre-emption entry is also sufficiently special; so that conformably to the doctrine established in the case of Kenny vs. Whitledge, the Situation and form of his settlement and pre-emption being ascertained, it would aid in fixing the situation of M’Neal’s settlement.
But the location of Brown’s pre-emption not having been made until after that of M’Neal’s pre-emption,, it- *33 Cannot be aided by Brown’s claim, in as miich as entries On pre-emption warrants are required by law to be as special and precise as those ort any other land warrants. '*
But the location of M’Nea^s settlement also calls to adjoin the lands of Samuel Gibson and James Blair ; and it does not appear that either of them ever had any locations in the vicinity of Brown’s land ; but it however seems to be admitted by some of the defendants, that by Samuel Gibson, Samuel Givens was meant; who, it is proven, had then a station near Brown’s land, and that on this place John Reed obtained a settlement and pre-emption.
But Reed’s certificate is dated November the 6th 1779, and therefore his location cannot be taken as a partof M’Neal’s settlement location. It having beeti suggested that when M’Neal’s location was made Reed had nota particular location on record for that station, it is unnecessary to say that it is not proven that other locators could have easily and certainly discovered that Givens’s station was intended, or that Givens ever had any claim to the land.
As to James Blair’s land, it has also been suggested, that it does not appear he ever had any particular location for it. It is only proven that he had made two improvements in the vicinity, for either or both of which, it may be presumed, he could have obtained a certificate for a pre-emption ; but not having exercised his right, no court can say how he would have directed the location.
From which it is evident that the claim of the complainant to the land in contest, or to any definite part of it, cannot be sustained ; and therefore the decree of the inferior court in his favor is erronebus.
Decree reversedr

 The following are the dates of the refpeftive certificates and entiles •.
M’Neal’s certificate, 3rd November 1779.
-fettlement entry, 24th December 1779.
•-— pre-emption entry, 23rd June 1780.
Brown’s certificate, 28th OcSober 1779;
-- fettlement entry, nth November 1779,
- pre-emption entry, 14th Auguft 1781.
Reed’s certificate, 6th November 1779.
-- ■ fettlement entry, nth November 1779,
-."« pre-emption entry, 8th June 1780,